## APPEAL OF FREDERICK A. TSCHIFFELY.

Docket No. 6407.  Promulgated January 27, 1927.

1. The Commissioner computed the petitioner's net income from a drug business by taking 5 per cent of the gross sales. To this he added a salary of .$5,000, which was not paid to or received by the petitioner. *Held,* that net income should be reduced by the amount of $5,000.

2. The Commissioner concluded that he was unable satisfactorily to determine the petitioner's invested capital and computed the tax under the provisions of section 210 of the Revenue Act of 1917. At the hearing, although unable to establish for invested capital purposes the value of all of his assets used in his business, the petitioner did establish his right to a definite amount of invested capital. *Held,* that it was unnecessary for him to establish the value of all of his assets and that he is entitled to have his tax computed upon the basis of the invested capital established.

*J. Bond Smith, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the Commissioner.

The Commissioner has determined a deficiency in income and profits taxes for the year 1917 in the sum of $3,020.32, of which amount there is in controversy in this proceeding $2,293.69. The petitioner seeks a redetermination of his tax liability and alleges two errors on the part of the Commissioner. The first relates to the method used in computing the total net income, and the second relates to the computation of invested capital.

FREDERICK A. TSCHIFFELY.

### FINDINGS OF FACT.

During the year 1917 the petitioner was engaged in farming and operated two farms in Montgomery County, Maryland. He resided upon the larger farm, which contained 525 acres. The smaller farm contained 154 acres. The net income for the year from the operation of the farms was $1,304.98. The larger farm was acquired by the petitioner prior to January 1, 1914, and on that date had an actual cash value of $45,000. The smaller farm was acquired subsequent to January 1, 1914. On this farm the petitioner had a considerable quantity of live stock and machinery. Among the various items were horses which cost $1,200, wagons which cost $300, and binders which cost $210.

The petitioner at the same time carried on a wholesale drug business at 475 Pennsylvania Avenue, N. W., Washington, D. C. The building which housed this business has been owned by the petitioner over forty years and has been improved and remodeled from time to time. Its actual cash value on January 1, 1914, was not less than $45,000. No inventory was ever taken of the merchandise. The gross sales for the year 1917 amounted to $430,082. During the year the accounts receivable averaged not less than $55,000. The average amount of the accounts payable is not disclosed. The petitioner paid all merchandise accounts within ten days.

The Commissioner computed the petitioner's net income from the wholesale drug business by taking 5 per cent of the gross sales. He added to this, among other items, a salary of $5,000. No salary was paid to the petitioner. The total net income according to the computation was $29,070.13.

The Commissioner concluded that he was unable to ascertain the invested capital and computed the excess-profits tax in accordance with the provisions of section 210 of the Revenue Act of 1917.

### OPINION.

GREEN: The petitioner contends that, since he was paid no salary, the amount of $5,000 should not be added to his net income. With this contention we are in accord. We can find no justification for the addition of $5,000 to the petitioner's net income. In making the computation the parties agreed that the net income from the wholesale drug business should be ascertained by taking 5 per cent of the gross sales. In so agreeing the parties acted in good faith and in the light of the Commissioner's records of the profits of similar concerns. It is not enough to say that other comparable concerns paid a salary of approximately $5,000. The fact remains that no such salary was drawn by this petitioner and that such amount was improperly added to income.

57694°—27——82

The Commissioner concluded that he was unable satisfactorily to determine the petitioner's invested capital and computed the tax in accordance with the provisions of section 210 of the Revenue Act of 1917. The petitioner contends that he can not establish, for invested capital purposes, the value of certain assets. He contends, however, that he can and has established for invested capital purposes, the value on January 1, 1914, of a part of the property paid in to the business prior to that time, and that he should not be deprived of the right to have his profits tax computed on the invested capital which he is able to establish merely because he used in his business other assets the value of which he can not establish. In this we think his position is correct. The special assessment provisions of the various acts were intended to provide, among other things, an equitable means of computing the tax in cases in which the invested capital which could be established was so low as to result in an excessive tax. If, however, a taxpayer is content to have his tax computed upon the low invested capital, there is no reason why the tax should not be so computed. The petitioner herein has established his right to an invested capital of at least $146,710, this amount being the total of the costs or values set forth in the findings of fact, plus the amount of the accounts receivable. The latter amount we include without regard to the bills payable, because it is obvious that the value of the merchandise on hand far exceeded the accounts payable.

*Judgment will be entered on 15 days' notice, under Rule 50.*

MILLIKEN dissents.